16-15037 EEB

Laurie L. Brinegar
4890 Mt. Princeton St.
Brighton, CO 80601
LB.Briney@Gmail.com
(303) 520-4277

FILED
KENNETH S. GARDNER
CLERK

2016 JUL 21  PM 12: 18

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO
A

## July 21, 2016 Status Update

The recent requested information for the Federal Court Bankruptcy include the following e-mails:

1. Bankruptcy Post Petition Income and Expenses Diverted, Judge Quick's Order to Pay Claimed Parties Dated 7/21/16

2. Bankruptcy Companies Follow-Up to Post Petition E-mail for All Bankruptcy Officials

Laurie L. Brinegar, July 21, 2016

*Please note, that my bankruptcy attorney is out of the office for several more days; however, I need to file this information, as business bills are not getting paid, again, as the business monies have been siphoned off, again.

| ☐ Small Claims   ☐ County Court   ☒ District Court | FILED IN ADAMS COUNTY COMBINED COURT |
|---|---|
| ☐ Probate Court   ☐ Juvenile Court   ☐ Water Court | JUL 1 5 2016 |

Adams County, Colorado

Court Address:
1100 Judicial Center Dr., Brighton, CO 80601

Petitioner: Patrick A. Brinegar

Respondent: Laurie L. Brinegar

▲   COURT USE ONLY   ▲

Attorney or Party Without Attorney: (Name & Address)

Laurie L. Brinegar
Use: 4890 Mt. Princeton St., Brighton, CO 80601

Phone Number: (303) 520-4277
FAX Number: N/A
E-mail: lb.briney@gmail.com
Atty. Reg. #: N/A

Case Number:
2014DR30236

Div.: K        Ctrm: 501

## RESPONDENT'S JULY 15, 2016 STATUS UPDATE

The recent requested information for the Federal Court Bankruptcy include the following e-mails:

1. Bankruptcy Post Petition Income and Expenses Diverted & Judge Quick's Order to Pay Claimed Parties dated 7/13/16

2. Bankruptcy Companies Follow-Up to Post Petition E-mail for All Bankruptcy Officials

Respondent, July 15, 2016

https://mail.google.com/mail/u/0/?ui=2&ik=9f00990fca&view=pt&...

mail - Bankruptcy Post Petition Income and Expenses Diverted & ...

Laurie Briney <lb.briney@gmail.com>

 Gmail

## Bankruptcy Post Petition Income and Expenses Diverted & Judge Quick's Order to Pay Claimed Parties

Thu, Jul 21, 2016 at 5:51 AM

Laurie Briney <lb.briney@gmail.com>
To: hsender@sww-legal.com.readnotify.com, ellen@clcplaw.com.readnotify.com
Cc: llarson@bknmurray.com.readnotify.com

Mr. Sender and Ms. Cadette,

Please find the first e-mail filed with the state court, that may have been already forwarded to the both of you.

Thank you.

Laurie Brinegar

--------- Forwarded message ----------
From: **Laurie Briney** <lb.briney@gmail.com>
Date: Wed, Jul 13, 2016 at 1:35 PM
Subject: Bankruptcy Post Petition Income and Expenses Diverted & Judge Quick's Order to Pay Claimed Parties
To: mdavis@bknmurraylaw.com.readnotify.com
Cc: llarson@bknmurray.com.readnotify.com

Mr. Davis,

I am following up our phone conversation with the following information for the trustee; the trustee's attorney, and yourself:

1. Patrick Allen Brinegar lives on his farm with the address of 33790 555th St, Moulton, IA  52572.

2. Patrick Brinegar incorporated Brinegar Delivery, LLC on 6/29/16 with the assistance of "his"/"our" bookkeeper, Lori Lee Morgan causing the Articles of Incorporation to be filed with the Colorado Secretary of State (SOS).  The registered agent is m2 solutions 4u.

3. Patrick Brinegar incorporated SZTJ, LLC on 6/29/16 with the assistance of Ms. Morgan causing the Articles of Incorporation to be filed with the CO SOS.  The registered agent is m2 solutions 4u.

4. Ms. Morgan incorporated m2 solutions 4u on 8/13/13 with the street and mailing address of 13300 Dillon St, Brighton, CO  80601, with Jodi Michel listed as the registered agent.  (*Please note, that I will list Mr. Brinegar's other business with this address in the next e-mail.)

5. Upon information and belief, Jodi Michel of 792 South 12th Avenue, Brighton, CO  80601, also incorporated m2 solutions 4u.

6. Ms. Morgan filed a Statement Curing Delinquency for m2 solutions 4u on 9/10/15, and changed the company street and mailing address to 15300 Kirby Street, Hudson, CO  80642, with Ms. Michel listed as the Registered Agent.

7.  The newly incorporated Brinegar Delivery, LLC and SZTJ, LLC both list the street address of 15300 Kirby St, Hudson, CO  80642, and neither company lists a mailing address.

8.  On 7/8/16, I received an e-mail from Blue Beacon, in which we have an account with for our drivers to charge truck washes for our fifteen semis (Patrick tried to charge "his" company truck wash to our account, previously.). The e-mail stated, that Blue Beacon tried to pull our ACH payment for the May invoice (due the end of June); however, Blue Beacon was advised, that the draft was returned as Account Closed.  As of yesterday, this invoice is yet to be paid.

9.  Therefore, on 7/8/16, I attempted to login to our Public Service Credit Union (PSCU) long-standing Brinegar Delivery Service, Inc. (BDS) account ending in 7565, and could not access our checking and savings information.

10.  On 7/8/16, I was able to log in to our PSCU established SZTJ Trucking Inc. (SZTJ) account ending in 0478, and I found an online banking - mobile transfer for $5,000.00 to our BDS account ending in 7565 was completed on 6/27/16.

11.  On 7/8/16, I also found a $4,500.00 transfer from SZTJ Trucking Inc to SZTJ LLC on 6/30/16.

12.  Clearly, this would mean that an account has been established at PSCU for the newly incorporated SZTJ, LLC under the name of SZTJ LLC.

13.  Therefore, on 7/9/16, I went to PSCU to be able to get a printout for our BDS account ending in 7565, and I found a withdrawal for $4,628.73 to payoff the Overdraft Line of Credit (LOC) for this account on 6/24/16.  Please find this printout attached.

14.  I also found a withdrawal transfer from our Brinegar Delivery Service, Inc. account ending in 7565 to our Brinegar Delivery Service Inc account ending in 4422 (Our credit unions merged.) in the amount of $837.18 to payoff the Overdraft Line of Credit (LOC) for this account on 6/24/16.

15.  Additionally, I found that a withdrawal by check (Check 00 352720) from our BDS account ending in 7565 was disbursed in the amount of $5,958.44 on 6/28/16 after the ACH payroll for, apparently, SZTJ Trucking, Inc. bounced.

16.  Said check brought our BDS checking balance for the account ending in 7565 down to $0, and our checking account was closed on 6/28/16.  Patrick and I are the only two people authorized on our business accounts, unless Patrick has made a change, that I am not aware of him doing as such.

17.  I was also able to find that on 6/30/16, that $5.00 was transferred from our BDS account ending in 7565 to Brinegar Delivery LLC, per PSCU, as this information is cutoff on the printout.

18.  On 7/9/16, I also obtained a printout for our SZTJ Trucking Inc account ending in 0478, in which showed a balance of $341.42.

19.  On 7/12/16, I attempted to login to our PSCU SZTJ account ending in 0478, and I could not access our checking information.  It appears that this balance is now a $0, as well, and that our savings account has a balance of $5.00.

20.  Therefore, I went to PSCU today to be able to get the most current printout for our SZTJ account ending in 0478, and I found that a withdrawal by check (Check 00 352737) was disbursed in the amount of $341.42 on 7/11/16.  This checking account was closed on 7/11/16, as well.  Please find said printout attached.

21.  In addition, please find attached the most current printout for our BDS account ending in 4422.

22. In gathering a plethora of documents in numerous formats required by the trustee, in addition to the most recent developments, I have determined that I must amend my bankruptcy petition further than originally presented to the trustee, due to the need to include additional claims beyond what was disclosed at the 341 meeting.

23. I was left with numerous outstanding bills for our companies, as well as, for Denver Truck & Trailer Repair, Inc. (DTT), after the ER Financial Temporary Orders Settlement on 10/10/14. I will provide DTT's information in the next e-mail, also; however, I am concerned, that Patrick's co-mingling; bartering; paying his attorney and himself in violation of the settlement agreement; etc., leaves me subject to liabilities, that must be claimed.

24. Patrick siphoned off our income, previously as well, transferring business assets and funds into new accounts (in violation of the automatic injunction pursuant to C.R.S. 14-10-107).

25. Ms. Morgan and Ms. Michel were unilaterally hired by Patrick in violation of the divorce injunction, as well, as I have been the bookkeeper for our companies.

26. Patrick and Ms. Morgan have bank accounts together, and they have co-mingled our business income and expenses with these accounts.

27. Patrick and Ms. Morgan have obtained credit together, also, and they have co-mingled our business income and expenses with this credit account along with DTT's expenses.

28. Judge Donald Spence Quick authorized Patrick's previous law firm to not be required to confer with me during the 7/27/15 hearing, except for interrogatories, as I had to become a *pro se* litigant, due to the financial damage Patrick had caused and was continuing to cause.

29. Judge Quick advised Patrick of his rights at the 8/15/16 hearing for the Punitive and Remedial Contempt, in which I filed on Patrick, and was granted by a magistrate; however, Judge Quick determined that Patrick's Contempt hearing would be a "waste of judicial resources", and Ordered that Patrick's Contempt hearing would be dealt with at Permanent Orders, in which the date is to be determined.

30. In August and September of 2015, Patrick hired "our" expert in another role, in what appears to be a violation of the expert's licensure, to testify against me, in which said testimony did not comport with either the Frye or the Daubert standards, and lacked the supporting documentation, that was to be filed along with said testimony. Yet, I am continually being harassed, that I now lack capacity. Clearly, this is, yet another, smoke and mirrors technique, in which contributes to the Pandora's box, that we find ourselves in today.

30. In October of 2015, Judge Quick Ordered, that I was not allowed to have any access to our businesses funds without any warning, per Patrick's request, in which has been my traditional source of income for over twenty years. Hence, the reason why I am bankrupt, and with a little over a hundred dollars, in which I cannot afford shelter; sustenance; medication for my diabetes, thyroid, and other medical condition; nor, any way to defend myself in court, as Patrick claims that he is unable to support my Motion for Attorney Fees, Expert Fees, and Costs and/or my Motion to Modify ER Financial Temporary Orders for Maintenance.

31. Judge Quick later determined that I was not allowed to resolve discovery or deposition financial issues, dating back to April of 2014, when Patrick filed for divorce.

32. I have very serious concerns, regarding Mr. Lindsey, also known as Mr. Lindsay, as he is a convicted criminal, and the broker appointed by Judge Quick, in which I cannot verify, that Mr. Lindsay has a brokers license. Mr. Lindsay does not appear to have some of his other credentials, in which he claims, as well.

33. Mr. Lindsay is going to be claimed, as I stated in the 341 meeting, due to the fact, that Mr. Lindsay has taken our deposit from our escrow, according to the e-mail, in which I was allowed some information. I am not allowed

much information, per Judge Quick Orders.  Yet, Patrick is allowed to partake in selling our businesses, in which there are a lot of issues surrounding getting to Patrick's forced settlement sale of our businesses, and not "his" disclosed and undisclosed businesses, and beyond.

34.  I have serious concerns with Mr. Kim running up his fees, as the third party fiduciary appointed by Judge Quick, in which Mr. Lindsay was Ordered to do most of the initial legwork, as I complained that Mr. Lindsay's $160,000.00 fee was unnecessary.  Generally, contractors at FedEx Ground do not use a broker, as we buy and sell routes without involving a broker and their fees.

35.  Additionally, Mr. Kim did not initially know where our deposit money went, per said e-mail, in which is very concerning as a third party fiduciary, and I have not been able to question the other escrow deposits.

36.  Their buyer appears to be, yet another, not properly vetted entity (to be made effective 8/1/16, per the CO SOS), as the buyer wants us to carry a large portion of the loan, in which is supposed to be Mr. LIndsay's area of expertise.  Hence, the reason for his exorbitant fees, in which he advertises are not paid up front.

37.  Finally, please find attached an Order from Judge Quick to pay my GAL, that has been claimed and others.  Ms. Lyden has submitted a bill for approximately another $23,000.00 through the end of May, in addition to, the $5,000.00 that our business was Ordered to pay.  If there is a way for me to be able to receive **any** money from our businesses, as I am an ADA protected individual, once the money is located, I would really appreciate it.  I will be without a phone soon, as well, as our business traditionally paid for my phone, in which violates the divorce injunction, too.

Thank you in advance for you assistance with these matters.

Laurie Brinegar

---

**4 attachments**

**June to Current BDS 7565.pdf**
950K

**June to Current BDS 4422.pdf**
176K

**June to Current SZTJ 0478.pdf**
685K

**Order for Sale Proceeds.pdf**
1825K

PO Box 5238
Englewood, CO 80155
(303)-691-2345
(970)-416-5000
(800)-437-7328

**BRINEGAR DELIVERY SERVICE, INC.**   **ACCOUNT#: XXXXXXX565**   **PERIOD: 06/01/16 TO 07/09/16**
33790 555TH
MOULTON IA 52572

## BUSINESS SHARE

|  |  |  | AMOUNT | NEW BALANCE |
|---|---|---|---|---|
| **EFFECT** | **POST** | **TRANSACTION DESCRIPTION** |  | 5.00 |
| 06/01/16 |  | Business Share Balance Forward | - 5.00 | 0.00 |
| 06/30/16 | 06/30/16 | WITHDRAWAL TRANSFER TO BRINEGAR DELIVER |  | 0.00 |
| 07/09/16 |  | **Ending Balance** |  |  |

## BASIC BUSINESS CHECKING

| EFFECT | POST | TRANSACTION DESCRIPTION | AMOUNT | NEW BALANCE |
|---|---|---|---|---|
| 06/01/16 |  | Basic Business Checking Balance Forward |  | 12,842.28 |
| 05/31/16 | 06/01/16 | **DEPOSIT TRANSFER ONLINE BANKING FROM SZTJ TRUCKING IN** | **4,500.00** | **17,342.28** |
| 06/01/16 | 06/01/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT ALL TRUCK AND TRAILER 5196 EAST 77TH AVE C DATE 05/31/16 7661522206550056 550034 5533 | - 518.35 | 16,823.93 |
| 06/01/16 | 06/01/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT TRANSWEST FREIGHTLINER 20770 E I 76 FRONTA DATE 05/31/16 9661522200020117 550034 5533 | - 30.52 | 16,793.41 |
| 06/01/16 | 06/01/16 | **DEPOSIT ACH U.S. LINEHAUL TYPE: DIR DEP CO: U.S. LINEHAUL** | **25,341.91** | **42,135.32** |
| 06/01/16 | 06/01/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT USPS 07104403730301790 90 N 4TH AVE BRIGHT DATE 05/31/16 8961524418199207 541017 9402 | - 22.95 | 42,112.37 |
| 06/02/16 | 06/02/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT TRANSWEST FREIGHTLINER 20770 E I 76 FRONTA DATE 05/31/16 9661533200004043 550034 5533 | - 2,278.22 | 39,834.15 |
| 06/02/16 | 06/02/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT A&E TIRE 3855 E 52ND AVE DENVER CO DATE 05/31/16 1161539900074406 530652 5532 | - 3,391.47 | 36,442.68 |
| 06/02/16 | 06/02/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT CRAIGSLIST.ORG 222 SUTTER ST FL 9 04153995 DATE 06/01/16 3761530026262008 548071 7311 | - 35.00 | 36,407.68 |
| 06/02/16 | 06/02/16 | WITHDRAWAL ACH XCEL ENERGY-PSCO TYPE: XCELENERGY CO: XCEL ENERGY-PSCO | - 17.66 | 36,390.02 |
| 06/02/16 | 06/02/16 | WITHDRAWAL ACH PREPASS TYPE: 8007737277 CO: PREPASS | - 184.80 | 36,205.22 |
| 06/03/16 | 06/03/16 | WITHDRAWAL ACH RESOURCE MGMT TYPE: INSZT-73 CO: RESOURCE MGMT | - 1,480.39 | 34,724.83 |
| 06/03/16 | 06/03/16 | WITHDRAWAL ACH RESOURCE MGMT TYPE: INBDS-102 CO: RESOURCE MGMT | - 14,778.37 | 19,946.46 |
| 06/04/16 | 06/04/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT MARSH SPONSORED PROGRA 12421 MEREDITH DR 0 DATE 06/03/16 5761550026299826 548072 6300 | - 769.06 | 19,177.40 |
| 06/06/16 | 06/06/16 | WITHDRAWAL DRAFT 006540 TRACER 0000005625 | - 5,625.00 | 13,552.40 |
| 06/07/16 | 06/07/16 | WITHDRAWAL DRAFT 006541 TRACER 0000002916 | - 460.72 | 13,091.68 |
| 06/08/16 | 06/08/16 | **DEPOSIT ACH U.S. LINEHAUL TYPE: DIR DEP CO: U.S. LINEHAUL** | **16,154.55** | **29,246.23** |
| 06/10/16 | 06/10/16 | WITHDRAWAL ACH RESOURCE MGMT TYPE: INSZT-74 CO: RESOURCE MGMT | - 1,340.00 | 27,906.23 |
| 06/10/16 | 06/10/16 | WITHDRAWAL ACH RESOURCE MGMT TYPE: INBDS-103 CO: RESOURCE MGMT | - 12,491.92 | 15,414.31 |
| 06/10/16 | 06/10/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT TRANSWEST TRUCKS 7700 EASTPORT PARKWAY 303 DATE 06/09/16 8061618894053601 542950 5533 | - 840.56 | 14,573.75 |
| 06/11/16 | 06/11/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT MARSH SPONSORED PROGRA 12421 MEREDITH DR 0 DATE 06/10/16 8761620026387413 548071 6300 | - 773.84 | 13,799.91 |
| 06/13/16 | 06/13/16 | WITHDRAWAL ACH FEDEX GROUND PA TYPE: SCAN DEBIT CO: FEDEX GROUND PA | - 75.40 | 13,724.51 |
| 06/13/16 | 06/13/16 | WITHDRAWAL ACH FEDEX GROUND PA TYPE: SCAN DEBIT CO: FEDEX GROUND PA | - 1,148.82 | 12,575.69 |
| 06/13/16 | 06/13/16 | WITHDRAWAL ACH RESOURCE MGMT TYPE: INBDS-104 CO: RESOURCE MGMT | - 1,507.73 | 11,067.96 |
| 06/13/16 | 06/13/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT TRANSWEST TRUCKS 7700 EASTPORT PARKWAY 303 DATE 06/11/16 3061638894148139 542953 5533 | - 4,619.66 | 6,448.30 |
|  |  | WITHDRAWAL DEBIT CARD BUSINESS DEBIT IN *S & M REPAIR, LLC 1008 |  |  |

| Date | Date | Description | Amount | Balance |
|---|---|---|---|---|
| | | W. 17TH ST. 785 DATE 06/11/16 7661630000141928 543286 7538 | - 790.00 | 5,658.30 |
| 06/13/16 | 06/13/16 | **DEPOSIT TRANSFER ONLINE BANKING FROM SZTJ TRUCKING IN** | **1,500.00** | **7,158.30** |
| 06/13/16 | 06/13/16 | WITHDRAWAL ACH XRS CORPORATION TYPE: 9312280000 CO: XRS CORPORATION | - 507.00 | 6,651.30 |
| 06/14/16 | 06/14/16 | WITHDRAWAL ACH AMEX EPAYMENT TYPE: ACH PMT CO: AMEX EPAYMENT | - 620.00 | 6,031.30 |
| 06/14/16 | 06/14/16 | **DEPOSIT TRANSFER ONLINE BANKING FROM SZTJ TRUCKING IN** | **2,500.00** | **8,531.30** |
| 06/14/16 | 06/14/16 | **DEPOSIT ACH U.S. LINEHAUL TYPE: DIR DEP CO: U.S. LINEHAUL** | **17,655.95** | **26,187.25** |
| 06/15/16 | 06/15/16 | WITHDRAWAL TRANSFER TO BRINEGAR,LAURIE | - 1,159.16 | 25,028.09 |
| 06/16/16 | 06/16/16 | WITHDRAWAL ACH VERIZON WIRELESS TYPE: PAYMENTS CO: VERIZON WIRELESS | - 208.66 | 24,819.43 |
| 06/17/16 | 06/17/16 | WITHDRAWAL ACH RESOURCE MGMT TYPE: INSZT-75 CO: RESOURCE MGMT | - 913.24 | 23,906.19 |
| 06/17/16 | 06/17/16 | WITHDRAWAL ACH RESOURCE MGMT TYPE: INBDS-105 CO: RESOURCE MGMT | - 13,535.40 | 10,370.79 |
| 06/18/16 | 06/18/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT MARSH SPONSORED PROGRA 12421 MEREDITH DR 0 DATE 06/17/16 1761690026350999 548079 6300 | - 773.84 | 9,596.95 |
| 06/21/16 | 06/21/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT ALL TRUCK AND TRAILER 5196 EAST 77TH AVE C DATE 06/20/16 7661722206530150 550034 5533 | - 107.42 | 9,489.53 |
| 06/22/16 | 06/22/16 | **DEPOSIT ACH U.S. LINEHAUL TYPE: DIR DEP CO: U.S. LINEHAUL** | **28,278.21** | **37,767.74** |
| 06/22/16 | 06/22/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT TRANSWEST TRUCKS 7700 EASTPORT PARKWAY 303 DATE 06/21/16 5061738894341486 542954 5533 | - 1,123.45 | 36,644.29 |
| 06/22/16 | 06/22/16 | WITHDRAWAL DRAFT 006546 TRACER 0000003500 | - 11,949.22 | 24,695.07 |
| 06/22/16 | 06/22/16 | WITHDRAWAL DRAFT 000000 TRACER 0000000000 CHECK 000000 CLEARED ON US | - 145.00 | 24,550.07 |
| 06/22/16 | 06/22/16 | WITHDRAWAL DRAFT 000000 TRACER 0000000000 CHECK 000000 CLEARED ON US | - 935.74 | 23,614.33 |
| 06/23/16 | 06/23/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT T & L MARKET & DELI 101 S MAIN ST MOULTON DATE 06/22/16 8061742200650016 554652 5812 | - 26.36 | 23,587.97 |
| 06/23/16 | 06/24/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT KNOBHILL TOWING 2020 E KIOWA ST COLORADO S DATE 06/22/16 0761757749105336 542812 7549 | - 228.13 | 23,359.84 |
| 06/24/16 | 06/24/16 | WITHDRAWAL ACH RESOURCE MGMT TYPE: INSZT-76 CO: RESOURCE MGMT | - 1,480.39 | 21,879.45 |
| 06/24/16 | 06/24/16 | WITHDRAWAL ACH RESOURCE MGMT TYPE: INBDS-106 CO: RESOURCE MGMT | - 13,179.88 | 8,699.57 |
| 06/24/16 | 06/24/16 | WITHDRAWAL | - 4,628.73 | 4,070.84 |
| 06/24/16 | 06/24/16 | WITHDRAWAL TRANSFER TO BRINEGAR DELIVER | - 837.18 | 3,233.66 |
| 06/25/16 | 06/25/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT TRANSWEST TRUCKS 7700 EASTPORT PARKWAY 303 DATE 06/24/16 4061768894459524 542950 5533 | - 1,392.05 | 1,841.61 |
| 06/25/16 | 06/25/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT MARSH SPONSORED PROGRA 12421 MEREDITH DR 0 DATE 06/24/16 5761760026375282 548075 6300 | - 773.84 | 1,067.77 |
| 06/27/16 | 06/27/16 | WITHDRAWAL FEE NSF ACH IN THE AMOUNT $1,799.28 RESOURCE MGMT | - 33.00 | 1,034.77 |
| 06/27/16 | 06/27/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT TRANSWEST TRUCKS 7700 EASTPORT PARKWAY 303 DATE 06/25/16 5061778894405542 542952 5533 | - 82.33 | 952.44 |
| 06/27/16 | 06/27/16 | **DEPOSIT TRANSFER ONLINE BANKING - MOBILE FROM SZTJ TRUCKING IN** | **5,000.00** | **5,952.44** |
| 06/27/16 | 06/27/16 | **DEPOSIT PRF785712 $ 6.00 FEE REFUND FOR CC/NSF FROM 06/27/16** | **6.00** | **5,958.44** |
| 06/28/16 | 06/28/16 | WITHDRAWAL BY CHECK CHECK 00 352720 DISBURSED 5,958.44 CLOSED CHECKING | - 5,958.44 | 0.00 |
| 06/28/16 | 06/28/16 | | | 0.00 |
| 07/09/16 | | **Ending Balance** | | |

| EFFECT | POST | TRANSACTION DESCRIPTION | AMOUNT | NEW BALANCE |
|---|---|---|---|---|
| | | **OVERDRAFT LINE OF CREDIT ID:01** | | |
| | | ID:01 - Overdraft Line Of Credit Overdraft Line of Credit Balance Forward | | 4,567.91 |
| 06/01/16 | | | | 0.00 |
| 06/24/16 | 06/24/16 | PAYMENT - THANK YOU OFFSET FROM CHECKING | 4,628.73 | 0.00 |
| | | Finance Charge:  $ 60.82 Fees:  $ 0.00 | | |
| 07/09/16 | | **Ending Balance** | | 0.00 |

PO Box 5238
Englewood, CO 80155
(303)-691-2345
(970)-416-5000
(800)-437-7328

**BRINEGAR DELIVERY SERVICE INC**
**64 N PRAIRIE FALCON PKWY**
**BRIGHTON CO 80601**

**ACCOUNT#: XXXXXXX422**     **PERIOD: 06/01/16 TO 07/09/16**

## BUSINESS SHARE

| EFFECT | POST | TRANSACTION DESCRIPTION | AMOUNT | NEW BALANCE |
|--------|------|------------------------|--------|-------------|
| | | | | 5.06 |
| 06/01/16 | | Business Share Balance Forward | | 5.06 |
| 07/09/16 | | Ending Balance | | |

## OVERDRAFT LINE OF CREDIT ID:01

| EFFECT | POST | TRANSACTION DESCRIPTION | AMOUNT | NEW BALANCE |
|--------|------|------------------------|--------|-------------|
| | | | | 826.98 |
| 06/01/16 | | ID:01 - Overdraft Line Of Credit Overdraft Line of Credit Balance Forward | | 0.00 |
| 06/24/16 | 06/24/16 | PAYMENT - THANK YOU TRANSFER FROM BRINEGAR DELIVER | 837.18 | |
| | | Finance Charge:  $ 10.20 Fees:  $ 0.00 | | |
| 07/09/16 | | Ending Balance | | 0.00 |

PO Box 5238
Englewood, CO 80155
(303)-691-2345
(970)-416-5000
(800)-437-7328

| SZTJ TRUCKING INC 33790 555TH MOULTON IA 52572 | ACCOUNT#: XXXXXXX478 | PERIOD: 06/01/16 TO 07/13/16 |
| --- | --- | --- |

## BUSINESS SHARE

| | | TRANSACTION DESCRIPTION | AMOUNT | NEW BALANCE |
| --- | --- | --- | --- | --- |
| EFFECT | POST | | | 5.00 |
| 06/01/16 | | Business Share Balance Forward | | 5.00 |
| 07/13/16 | | Ending Balance | | |

## BASIC BUSINESS CHECKING

| EFFECT | POST | TRANSACTION DESCRIPTION | AMOUNT | NEW BALANCE |
| --- | --- | --- | --- | --- |
| | | Basic Business Checking Balance Forward | | 5,134.86 |
| 06/01/16 | | WITHDRAWAL TRANSFER ONLINE BANKING TO BRINEGAR DELIVER | 4,500.00 | 634.86 |
| 05/31/16 | 06/01/16 | DEPOSIT ACH U.S. LINEHAUL TYPE: DIR DEP CO: U.S. LINEHAUL | 3,107.49 | 3,742.35 |
| 06/01/16 | 06/01/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT MARSH SPONSORED PROGRA 12421 MEREDITH DR 0 DATE 06/03/16 5761550026236833 548073 6300 | - 84.01 | 3,658.34 |
| 06/04/16 | 06/04/16 | DEPOSIT ACH U.S. LINEHAUL TYPE: DIR DEP CO: U.S. LINEHAUL | 2,331.51 | 5,989.85 |
| 06/08/16 | 06/08/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT MARSH SPONSORED PROGRA 12421 MEREDITH DR 0 DATE 06/10/16 8761620026314159 548072 6300 | - 84.93 | 5,904.92 |
| 06/11/16 | 06/11/16 | WITHDRAWAL TRANSFER ONLINE BANKING TO BRINEGAR DELIVER | 1,500.00 | 4,404.92 |
| 06/13/16 | 06/13/16 | WITHDRAWAL ACH XRS CORPORATION TYPE: 9312280000 CO: XRS CORPORATION | - 78.00 | 4,326.92 |
| 06/14/16 | 06/14/16 | WITHDRAWAL TRANSFER ONLINE BANKING TO BRINEGAR DELIVER | 2,500.00 | 1,826.92 |
| 06/14/16 | 06/14/16 | DEPOSIT ACH U.S. LINEHAUL TYPE: DIR DEP CO: U.S. LINEHAUL | 1,876.61 | 3,703.53 |
| 06/15/16 | 06/15/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT MARSH SPONSORED PROGRA 12421 MEREDITH DR 0 DATE 06/17/16 1761690026381227 548079 6300 | - 84.93 | 3,618.60 |
| 06/18/16 | 06/18/16 | DEPOSIT ACH U.S. LINEHAUL TYPE: DIR DEP CO: U.S. LINEHAUL | 3,393.36 | 7,011.96 |
| 06/22/16 | 06/22/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT MARSH SPONSORED PROGRA 12421 MEREDITH DR 0 DATE 06/24/16 5761760026300007 548076 6300 | - 84.93 | 6,927.03 |
| 06/25/16 | 06/25/16 | WITHDRAWAL TRANSFER ONLINE BANKING - MOBILE TO BRINEGAR DELIVER | 5,000.00 | 1,927.03 |
| 06/27/16 | 06/27/16 | DEPOSIT ACH U.S. LINEHAUL TYPE: DIR DEP CO: U.S. LINEHAUL | 3,084.25 | 5,011.28 |
| 06/29/16 | 06/29/16 | WITHDRAWAL TRANSFER TO SZTJ LLC | 4,500.00 | 511.28 |
| 06/30/16 | 06/30/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT MARSH SPONSORED PROGRA 12421 MEREDITH DR 0 DATE 07/01/16 7761830026315651 548076 6300 | - 84.93 | 426.35 |
| 07/02/16 | 07/02/16 | WITHDRAWAL DEBIT CARD BUSINESS DEBIT MARSH SPONSORED PROGRA 12421 MEREDITH DR 0 DATE 07/08/16 7761900026324456 548078 6300 | - 84.93 | 341.42 |
| 07/09/16 | 07/09/16 | WITHDRAWAL BY CHECK CHECK 00 352737 DISBURSED 341.42 CLOSED CHECKING | - 341.42 | 0.00 |
| 07/11/16 | 07/11/16 | Ending Balance | | 0.00 |
| 07/13/16 | | | | |

Adams County Court
1100 Judicial Center Drive
Brighton CO 80601 United States



LAURIE LYNN BRINEGAR
4890 MT PRINCETON DR
BRIGHTON CO 80601

16-1612

To:     Laurie Lynn Brinegar

Subject:  Service of documents in 2014DR30236.

You are being served with documents filed electronically through the
Integrated Colorado Courts E-Filing System (ICCES).  Please review the
following details concerning this service.

- Court Location: Adams County
- Case Number: 2014DR30236

- Filing ID: N/A
- Filed Document Title(s):
  - Order: Status Report, Request for Discharge, and Motion Regarding disbursement
    of Proceeds from Sale of marital Company
  - Order: Order Re: Status Report, Request for Discharge, and Motion Regarding
    disbursement of Proceeds from Sale of marital Company
- Submitted on Date/Time: Thu Jun 30 18:30:05 MDT 2016
- Submitted by Authorizing Organization:
- Submitted by Authorizing Attorney: Adams County  Court

If you have a question about the above listed case, please contact the court.
Information for all Colorado court locations is listed on the Colorado Judical Branch
website http://www.courts.state.co.us/Index.cfm.

UUUUUUFC0016

| DISTRICT COURT, ADAMS COUNTY, COLORADO | DATE FILED: June 30, 2016 |
|---|---|
| Court Address:<br>1100 Judicial Center Drive, Brighton, CO, 80601 | |
| **Petitioner(s)** PATRICK ALLEN BRINEGAR | |
| and | |
| **Respondent(s)** LAURIE LYNN BRINEGAR | △ COURT USE ONLY △ |
| | Case Number: 2014DR30236 |
| | Division: K          Courtroom: |

### Order: Status Report, Request for Discharge, and Motion Regarding disbursement of Proceeds from Sale of marital Company

The motion/proposed order attached hereto: GRANTED IN PART.

As stated during the June 24, 2016 hearing, since Ms. Brinegar filed bankruptcy, the Court does not have the initial authority to allocate the proceeds of the sale of the business. The Trustee has that authority. However, the Court does have the authority to order the parties not to spend funds they receive from the sale pursuant to the Trustee's Orders before the GAL Ms. Lyden is paid her overdue attorney fees.

The Court issues such Order as of today's date.

Issue Date: 6/30/2016

*Don Quick*

DONALD SPENCE QUICK
District Court Judge

District Court, Adams County, Colorado
1100 Judicial Center Drive
Brighton, CO 80601
(303) 659-1161

In re the Marriage of:

Petitioner:   PATRICK A. BRINEGAR

Respondent:   LAURIE L. BRINEGAR

Cyndi L. Lyden, as Guardian ad Litem
Rumler • Tarbox • Lyden Law Corporation, PC
1777 S. Harrison Street, Suite 1250
Denver, CO 80210
Tel: (303) 333-7733
Fax: (303) 355-6036
Email: cllyden@rumlerlaw.com

GAL for Laurie L. Brinegar

▲ COURT USE ONLY ▲

Case Number:

2014DR30236

Div: K     Ctrm:

## GUARDIAN AD LITEM'S STATUS REPORT, REQUEST FOR DISCHARGE, AND MOTION REGARDING DISBURSEMENT OF PROCEEDS FROM SALE OF MARITAL COMPANY

Cyndi L. Lyden, as court appointed Guardian ad Litem ("GAL") for Respondent Laurie L. Brinegar ("Ms. Brinegar"), respectfully files this status report, requests discharge as GAL, and moves this court for an Order requesting stay of any disbursement of proceeds from sale of the marital business, Brinegar Delivery Service, Inc. and SZTJ Trucking, Inc. (hereafter collectively "the Marital Company") until such date and time as the fees and costs incurred by the GAL, as well as those of other approved creditors of the Marital Company (and duly submitted to and approved by the Court in this matter), are paid. As grounds for this motion, the GAL states as follows:

1. The undersigned was appointed as GAL for Ms. Brinegar by Court Order dated October 21, 2015.

2. Pursuant to In re Marriage of Sorensen, 166 P.3d 254, 257 (Colo. App. 2007), the GAL is a third person who performs services at the request of the Court and who acts as an agent of the Court in this regard. Pursuant to C.R.S. § 15-10-602(3), a third person who performs services at the request of the Court is entitled to reasonable compensation for fees and costs associated with performing her duties.

3. Since being appointed as GAL, the GAL has conferred with former counsel for the respondent and with former counsel for the petitioner, spoken to paralegal staff for former counsel, interviewed and met with Ms. Brinegar on various occasions and both during and after court proceedings, reviewed portions of the extensive ICCES case

history, reviewed case documents, prepared for and participated in multiple phone case status conferences, reviewed multiple case filings, contacted various treating health care providers of Ms. Brinegar, negotiated a proposal for reunification therapy between the parties and their minor children, personally attended case status conferences, personally attended and participated in several court hearings, received and reviewed multiple email communications between the parties and/or counsel, and, most recently, communicated with the third party fiduciary/receiver, Tom Kim, of R2 Advisors regarding ongoing efforts to sell the Marital Company.

4. The GAL's hourly fee is $210/hour and the hourly rates for the administrative staff and Paralegal staff of the GAL are between $45 and $120.00, which are within the statutory and judicially approved rates for the GAL for fiduciary matters in the Denver Metropolitan Area. Total outstanding fees and costs for the period through May 31, 2016, are $22,811.75, and are more specifically set forth and described in Exhibit A attached hereto. The fees and costs incurred by the GAL were reasonable and necessary for the performance of the GAL's duties.

5. Pursuant to the October 21, 2015 Court Order, the GAL's retainer in the amount of $5,000.00 was paid to the GAL by Wife on October 26, 2015 (via Petitioner Patrick Brinegar who was directed to force a profit from the Marital Company for payment of same). Due to the nature of the case and complexity of the case and the amount of time involved, the retainer has been depleted and there is a balance due to the GAL for fees and costs; note that no interest or finance charges have been assessed even though assessment of interest is customary in attorney-client fee arrangements.

6. The Court previously ordered the sale of the Marital Company, and appointed Mr. Tom Kim as the Third Party Fiduciary to oversee the sale of the Marital Company. The Court established that the duties of the Third Party Fiduciary include the duty to ensure that all of the Marital Company's debts and creditors are properly paid or otherwise settled in the event of an approved sale of the Marital Company. June 8, 2016 and June 23, 2016, emails from Mr. Kim to the parties and interested persons set forth the currently known information about the status of the sale of the Marital Company. See, Exhibit B.

7. Ms. Brinegar has filed for Chapter 7 bankruptcy protection and identified the undersigned GAL, the Third Party Fiduciary, and others as creditors to be discharged. See, Exhibit C.

8. Based on the foregoing points of authority, status of the case, the fact that neither party in this case has domestic counsel, and that Ms. Brinegar is resistant to the appointment of a GAL (who does not have counsel to advise her or direct the litigation), the undersigned requests that she be discharged from her current role and responsibilities as GAL for Laurie Brinegar.

WHEREFORE, the undersigned respectfully requests that this Court enter an Order as follows: accepting and approving this Status Report; approving the fees and costs of the GAL as set forth in Exhibit A hereto and finding them to be an obligation of the Marital Company; requiring that all of the Marital Company's debts and creditors are properly paid or otherwise

2

settled prior to distributing any proceeds from the sale of the Marital Company to the Court appointed Bankruptcy Trustee for Respondent Laurie Brinegar and for such other relief as the Court deems proper.

Dated this 23rd day of June 2016.

Respectfully submitted,

RUMLER • TARBOX • LYDEN
Law Corporation PC

s/ Cyndi L. Lyden
Cyndi L. Lyden, as Guardian ad Litem
for Respondent, Laurie L. Brinegar
*Original signature on file at the offices of
Rumler Tarbox Lyden Law Corporation PC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **GUARDIAN AD LITEM'S STATUS REPORT, REQUEST FOR DISCHARGE, AND MOTION REGARDING DISBURSEMENT OF PROCEEDS FROM SALE OF MARITAL COMPANY** was filed and served via ICCES and/or e-mail this 23rd day of June, 2016 upon the following:

Laurie L. Brinegar @ lb.briney@gmail.com
Respondent
Current Address Unavailable

Pat Brinegar @ pb.briney@gmail.com
Petitioner
33790 555th Street
Moulton, IA 52572

Tom Kim @: tkim@r2llc.com
Third Party Fiduciary

s/ Margaret A. Kremer
Margaret A. Kremer, Legal Assistant
*Original signature on file at the offices of
Rumler Tarbox Lyden Law Corporation PC*

DISTRICT COURT, ADAMS COUNTY, COLORADO

Court Address:
1100 Judicial Center Drive, Brighton, CO, 80601

**Petitioner(s)** PATRICK ALLEN BRINEGAR

and

**Respondent(s)** LAURIE LYNN BRINEGAR

DATE FILED: June 30, 2016

△ **COURT USE ONLY** △

Case Number: 2014DR30236

Division: K          Courtroom:

**Order: Order Re: Status Report, Request for Discharge, and Motion Regarding disbursement of Proceeds from Sale of marital Company**

The motion/proposed order attached hereto: SET FOR HEARING.

This requested Order will be addressed at the August 12, 2016 hearing. Given the Court's Sorenson findings, the Court may need to appoint a new GAL for the Respondent to participate in the August 12, 2016 hearing. Therefore, the Respondent Ms Brinegar, is given 10 days to recommend a replacement GAL. The Court will consider that recommendation before selecting a new GAL.

Issue Date: 6/30/2016

*Don Quick*

DONALD SPENCE QUICK
District Court Judge

District Court, Adams County, Colorado
1100 Judicial Center Drive
Brighton, CO 80601
(303) 659-1161

In re the Marriage of:

Petitioner:      PATRICK A. BRINEGAR

Respondent:      LAURIE L. BRINEGAR

▲ COURT USE ONLY ▲

Case Number:

2014DR30236

Div: K        Ctrm:

## ORDER RE: GUARDIAN AD LITEM'S  STATUS REPORT, REQUEST FOR DISCHARGE, AND MOTION REGARDING DISBURSEMENT OF PROCEEDS FROM SALE OF MARITAL COMPANY

This matter comes before the Court on the status report and motion of the court appointed GAL, Cyndi L. Lyden.  The Court, having considered the same, and the responses and objections thereto, if any, hereby enters the following orders:

That the Status Report of the GAL dated June 23, 2016, is hereby accepted and approved;

That the fees and costs of the GAL as set forth in Exhibit A to the Status report were reasonably and necessarily incurred by the GAL in the performance of her duties and responsibilities and are an obligation of the Marital Company;

That the GAL is hereby discharged from any further responsibility for this matter;

That the debts and creditors of the Marital Company shall be properly paid or otherwise settled prior to distributing any proceeds from the sale of the Marital Company to the Court appointed Bankruptcy Trustee for Respondent Laurie Brinegar; and

Dated:_____, 2016.

s/_____
District Court Judge Quick

https://mail.google.com/mail/u/0/?ui=2&ik=9f0699b1ed&view=pt&...

ail - Bankruptcy Companies Follow-Up to Post Petition Email fo...

Laurie Briney <lb.briney@gmail.com>

 Gmail

## Bankruptcy Companies Follow-Up to Post Petition Email for All Bankruptcy Officials

Thu, Jul 21, 2016 at 6:02 AM

**Laurie Briney** <lb.briney@gmail.com>
To: hsender@sww-legal.com.readnotify.com, ellen@clcplaw.com.readnotify.com
Cc: llarson@bknmurray.com.readnotify.com

Mr. Sender and Ms. Cadette,

Here is the other e-mail, that may have already been forward to you, and has been filed in the state court, as well.

Thank you.

Laurie Brinegar

---------- Forwarded message ----------
From: **Laurie Briney** <lb.briney@gmail.com>
Date: Mon, Jul 18, 2016 at 10:36 AM
Subject: Bankruptcy Companies Follow-Up to Post Petition Email for All Bankruptcy Officials
To: mdavis@bknmurraylaw.com
Cc: llarson@bknmurray.com

Mr. Davis,

Here is the follow-up from my last e-mail to the trustee, the trustee's attorney, and yourself detailing the ever growing list of companies entangled with our companies, since Patrick filed for divorce 4/23/14:

The original marital companies are:

1. **Brinegar Delivery Service, Inc.**, (BDS) - Patrick and I both own 50% of this S Corp.  This is the parent company, and it holds all of the assets.  Judge Donald Spence Quick Ordered that our "marital" businesses be sold.  Therefore, I stated that our businesses have additional assets, that would need to be sold, beyond just the routes and the trucks, if we had to sell our businesses; however, I was told that "our" accountant, Larry Engrav of Engrav & Associates, would deal with the rest of the assets, later.  I have concerns with Mr. Engrav's credibility, and his aggressive accounting techniques, during this divorce.  There are a lot of issues surrounding the sale of only these three marital companies; signing contracts without an Order; a partial valuation, that was not Ordered by a broker, that doesn't appear to have the credentials, in which he touts, and may have just used an online calculator tool; etc.

2. **L B P B Enterprizes, Inc.**, (LBPB) - Patrick and I both own 50% of this S Corp.  This company holds the main contract with FedEx Ground with thirteen (13) trucks; however, contracts are due to be signed in August, and with these new companies, I am concerned, regarding which company Patrick may end up signing this contract with.

Additionally, upon information and belief, Patrick may have been taking our LBPB and SZTJ income from our Omaha and our Springfield, Colorado dedicated runs, as well.  Therefore, I am concerned that Patrick may change our dedicated runs with the new contracts in August.

https://mail.google.com/mail/u/0/?ui=2&ik=9f06990fed&view=pt&...

ail - Bankruptcy Companies Follow-Up to Post Petition Email fo...

3. **SZTJ Trucking, Inc.** (SZTJ) - This company holds the contract, in which Patrick and I had to incorporate this business to add two more routes and trucks, as we held the maximum percentage allowed under FedEx Ground's rules with our LBPB contract. Patrick owns 49%, and I own 51% of this S Corp. Yet, Engrav prepared our 2012 tax return to reflect that I own this business 100%. I had planned on getting Engrav to prepare an amended filing, when I submitted information for the 2013 tax return, as it was hurriedly prepared to obtain our Bank of Colorado construction loan. Patrick and I had a joint personal checking account, in which meant that we needed to get this error fixed for tax purposes only. However, Patrick filed for divorce, and he, his bookkeepers, "our" accountant, and, his attorneys have controlled our financial documents to prepare and/or impede bookkeeping and/or the filing of tax returns. I have been subjected to an unfair share of the tax burden during this divorce, especially, with the books being altered and prepared incorrectly. Yet, Judge Quick states that it will work out in the end, in which means, that it does not help me until some unknown date in the future.

Patrick and his bookkeeper, Ms. Morgan, controlled medical (Ms. Morgan does not have a right to HIPPA protected documents, as a bookkeeper), social security, passport, and financial records belonging to our children and/or myself. The IRS considers controlling financial records a part of their definition of domestic abuse, and put my filing of amended tax returns on an extended hold, originally. The Internal Revenue Service Criminal Investigation Unit became involved after the hold expired.

Both BDS and SZTJ business accounts are held with Public Service Credit Union (PSCU).

4. **BRINEX TRUCKING INCORPORATED (Iowa)** - The Application for Reservation of Name was filed on 3/7/14 in Iowa by Patrick's uncle, Larry Brinegar, in which was a month prior to Patrick filing for divorce on 4/23/14. Patrick and his attorney threatened me, more than once, with their unconscionable demands, that made me feel like I was under duress, as they kept attempting to coerce me to not do things, that I have a legal right to do. I have the documentation and witnesses to the coercion. Patrick obtained a Civil Temporary Protection Order (TPO) without a recording of the proceedings on 5/9/14. On 5/19/14, ten (10) days after Patrick received his TPO, Articles of Incorporation for BRINEX TRUCKING INCORPORATED were filed in Iowa. Upon information and belief, Patrick approached his uncle, Larry, to covertly go into business with him.

One example of Patrick and his attorney's coercion was, when they threatened me to not communicate with Bank of Colorado, regarding our construction loan; however, when Patrick was granted his TPO, Bank of CO filed for a receivership. When Patrick was granted his Civil Permanent Protection Order (PPO), Bank of CO filed for foreclosure. Notably, I was accused of not communicating with Bank of CO by their officials twice, in which I can show to not be true.

5. **BRINEX TRUCKING, INC. (Colorado)** - Nine (9) days after Patrick obtained his PPO on 5/21/14, BRINEX TRUCKING, INC. was incorporated in Colorado with the street address of our shop at the time that Patrick filed for divorce. This company used the mailing address of a PO Box, in which Patrick established at some point prior to filing for divorce. Patrick claims that he does not have any interest in this company. Yet, Patrick had a Gmail folder on his Gmail labeled "Brinex Trucking", in which I can provide.

I have filed **RESPONDENT'S VERIFIED PETITION FOR REVIEW OF THE MAGISTRATE'S ORDER PURSUANT TO THE COLORADO RULES OF MAGISTRATES, RULE 7,** as Patrick's PPO and Restriction of Respondent's Parenting Time Orders are not **res judicata**. I was awaiting an Order to be able to file my Exhibits, as I have a plethora of evidence to show these were falsely obtained. Judge Quick denied my Rule 7 Review, incorrectly referencing time constraints, in which my GAL has already informed Judge Quick, that my Rule 7 Review is not res judicata. Therefore, I will refile my Rule 7 Review with additional evidence in the Court's records to prove as such.

Notably, Patrick established a new personal account the week prior to filing for divorce at PSCU on 4/16/14. A charge for $5.00 was incurred on Patrick's new "personal" account to the IA Secretary of State (SOS) 515-7258029 IA on 5/30/14. The same day a charge for $50.00 was incurred on Patrick's account to SOS 303-894-2200 CO. BRINEX TRUCKING, INC. was incorporated on 5/30/14, and Denver Truck Registration Fee CO.

Case:16-15037-EEB   Doc#:24   Filed:07/21/16   Entered:07/21/16 14:32:21   Page20 of 23

https://mail.google.com/mail/u/0/?ui=2&ik=9f069901ed&view=pt&...

mail - Bankruptcy Companies Follow-Up to Post Petition Email fo...

& Trailer Repair, Inc. was incorporated on 5/29/14.  On 5/25/14, Patrick took $400.00 cash out of this account, as well.

6. **Denver Truck & Trailer Repair, Inc. (DTT)** - Eight (8) days after Patrick obtained his PPO, Denver Truck & Trailer Repair, Inc. was incorporated by Glenn Fruhling, our mechanic, with the street address of our shop at the time that Patrick filed for divorce.  Patrick claims that he does not have any interest in this company, too.  Previously, Patrick and I filed a business plan with FedEx Ground to open a shop with the name of Denver Diesel & Trailer Repair, Inc., as well.

However, Patrick moved our tools and equipment to DTT's shop, and scolded our children for mentioning they were tired from helping with the move, along with warning them to not say things, that would get him in trouble with his divorce, as evidenced by my supervisor.  Patrick transferred our deposit to DTT's shop lease.  Glenn, Patrick, and Patrick's attorney refused to return BDS tools and equipment, in violation of the ER Financial Temporary hearing Settlement Order, as Patrick contracted "his" tools and equipment (They are property of BDS.) for DTT's benefit, as well as, 3B Trucking, Inc.'s (Item #10) benefit to the detriment of BDS and SZTJ.  Patrick and Glenn ran up our vendor accounts, in which they co-mingled BDS and DTT charges.  An account was opened under BDS doing business as DTT with our now foreclosed home and office/shop address.  BDS income was used to pay for DTT's expenses on the Patrick and Lori Morgan credit card account.  Lori did not properly identify herself to the representative to move our trash account's address to DTT's address, as the rep thought that she was speaking with Laurie Brinegar.

Additionally, Patrick claimed that he had the authority to negotiate away all of BDS "debt" owed to DTT, if I agreed to Patrick's terms at our court ordered mediation.  Glenn's invoices and accounting were all over the place, in which the bookkeeper admitted, that she couldn't keep up with Patrick and Glenn.  Glenn kept raising the rate, that he was charging BDS.  Apparently, our businesses owe businesses associated with Glenn and Glenn/Patrick (Item #9) lots of money without any references to invoices and/or statements on checks for quite a while now.  Patrick has claimed that he worked for Glenn in discovery.  Then, he claimed that didn't work out in court.  Patrick admitted in court that he and Glenn barter.  Patrick, his bookkeepers, and "our" accountant can only seem to produce scant tax information and financials, in which bartering doesn't appear to be claimed.

Finally, it appears from FedEx Ground communications that **Denver Truck & Trailer Repair, Inc.** may be operating as a contractor now, as well.  DTT has an account with PSCU; however, Glenn's personal account is not.

7. **Bird Dog Trucking, Inc. (BDT)** - In June of 2014, Patrick started siphoning off our business income and expenses, in which he co-mingled into his personal account, that he established at PSCU the week before he filed for divorce.  In July of 2014, Patrick added Lori Morgan to this account.  Then, on 8/5/14, Patrick incorporated BDT.  According to Patrick's bookkeeper's billing for 8/7/14, seven (7) hours were billed to "Get Statements together for Lawyer - spreadsheet go to bank to open Acct for BD so can seperate [sic] personal & Business Accts".  Additionally, according to Patrick's bookkeeper's billing for 8/8/14, four (4) hours were billed to "Work with Pat to transfer over vendors to New Bank Acct".  Notably, according to Patrick's bookkeeper's billing for 8/11/14, seven (4) hours were billed to "Ck Bank Accounts Work on May 2013", in which is what I was working on, when I was removed from my home on 5/13/14!  Patrick established his Bird Dog Trucking Inc account at PSCU on 8/7/14 with $10,005.00 of BDS money.  In a letter to my previous counsel dated 8/8/14, Patrick's attorney denied that Patrick had started any new businesses.  Patrick began siphoning off our business income and expenses to this account, in which Patrick's attorney later claimed was established for a business checking account, and that a tax return was not going to be filed for this business.

Not filing a tax return for BDT really got the attention of the IRS Criminal Investigation Unit.  And, I do not know how to do bookkeeping, nor will I, to include possible embezzlement and tax evasion and fraud, according to the FBI agent, in which I spoke with, previously.  I agreed, that I would provide all of the information to both agencies, especially, in light of the fact, that even more behaviors and actions, in which have been condoned by Judge Quick, have impeded my ability to file and pay returns without the correct information.

mail - Bankruptcy Companies Follow-Up to Post Petition Email fo...          https://mail.google.com/mail/u/0/?ui=2&ik=9f069901ed&view=pt&...

However, Patrick had stated that Engrav was somehow going to craft a way to make a plan work like the LBPB and BDS tax returns, in which may be possible accounting embezzlement and aiding tax evasion; however, LBPB receives a 1099 from FedEx Ground, and all of the LBPB  revenue flows through to the status quo BDS account, in which reconciles to the 1099.  However, from January through May of 2014, the LBPB revenue went into the established Brinegar Delivery Service, Inc. account.  Then, in June of 2014, Patrick siphoned off to the LBPB revenue to the Patrick Brinegar account, in which Patrick co-mingled personal expenses piercing the corporate umbrella, that I was careful to preserve.  Later, in July of 2014, this account became the Patrick Brinegar account with Lori Morgan, that siphoned off the LBPB revenue, and co-mingled personal expenses.  Next, in August of 2014, the LBPB revenue was siphoned off to the Bird Dog Trucking Inc. account, and appears to have co-mingled expenses, as well.  At a minimum, I did not feel comfortable with late night alcohol expenses touted as business, while Patrick was out on a summons for his DUI and weaving charges at over four times the legal CDL limit (Persistent Drunk Driver) with a gun under his seat, in which he was not to possess alcohol, and his license was revoked.

Finally, in November of 2014, Patrick was to stop siphoning the LBPB revenue to enable me to reestablish the direct deposit back in to the Brinegar Delivery Service, Inc. account; however, Patrick wanted to keep another week of LBPB revenue, in which my previous counsel and I did not agree to at the conference with Patrick, his bookkeeper, and multiple Ciancio Ciancio Brown P.C. staff.  Patrick appeared to agree.  Yet, Patrick withheld funds from the LBPB deposit.  Patrick refused to correct ACH withdrawals, in which cut into the LBPB money that he withheld.  Therefore, Patrick shut down the Bird Dog Trucking Inc account, in which caused multiple items to bounce on that account, including his bookkeepers.  Later, in November of 2014, the LBPB revenue was returned to status quo after all of the violations of the divorce injunction.

8.  **GT Trucking, Inc.** - on 9/4/14, Lori Morgan caused Articles of Incorporation to be filed for Glenn Fruhling (And just Patrick, according to discovery) to establish this business to become a FedEx Ground contractor to "buy" the **SB & G Cartage Inc.** contract from Larry Stubblefield.

9.  **Running River Trucking, Inc.** - on 9/4/14, Lori Morgan caused Articles of Incorporation to be filed for Glenn Fruhling (And Glenn/Patrick, and just Patrick, according to various versions of testimony and documents.) to establish this business to "buy" the **LC Transport, Inc.** contract from Larry Stubblefield.

Patrick appears to have submitted a fraudulent Running River Trucking, Inc. contract with discovery; however, Judge Quick told me that it was a side issue.  Patrick appears to have later not told the truth in court, regarding said contract, stating that's how FedEx Ground does new contracts; however, I know from past experience this is not true, especially with the contract in which Patrick submitted, as his story does not appear to be plausible.

10.  **3B Trucking, Inc.** - on 10/17/14, Lori Morgan caused Articles of Incorporation to be filed for Patrick Brinegar to establish this business to "buy" a very convoluted, inconsistent, etc. business involving GT Trucking, Inc.; SB & G Cartage Inc.; Running River Trucking, Inc.; and, LC Transport, Inc; Glenn Fruhling; Larry Stubblefield; with FedEx Ground contracts; BDS tools and equipment; and, most importantly, BDS money.

There are so many "inconsistencies" amounting to perjury, material misrepresentations; etc, throughout this divorce; however, in relation to GT Trucking, Inc.; SB & G Cartage Inc.; Running River Trucking, Inc.; LC Transport, Inc.; and, 3B Trucking, Inc., these issues are too numerous to address here in this introduction.  However, I have been chastised by Judge Quick, as he agrees with the custody "expert", that I am never going to be happy with inconsistencies.  I agree.  I won't, when is alters the course of this divorce, in which such an "inconsistency" rises to a legal standard to not be avoided.  If Judge Quick or said "expert" do not want to acknowledge the truth, that does not make it any less the truth.

11.  **Brinegar Delivery, LLC** - I just supplied this information in the previous e-mail.

12.  **SZTJ, LLC** - I also just supplied this information in the previous e-mail.

I no longer have complete copies of historic contracts along with contracts signed during this ongoing divorce.  In January of 2015, Patrick appears to have not told the mediator the truth about returning all of our documentation, as Patrick's attorney later admitted in court on April 2, 2015, that they had two more boxes of documents; however, in a letter from Patrick's attorney dated April 27, 2015, they admitted that they actually had two additional boxes of documents for a total of four (4) boxes.  Yet, I am still missing documents.

Finally, and I believe the following information to be very relevant:

*Even my GAL, in which I referenced Patrick's hired gun of an "expert" in the last e-mail, acknowledged that "A GAL is supposed to be for someone that is incapable of making critical decisions, and not someone that has been hindered every step of the way.", as well as, the proper procedure was not legally adhered to get Patrick what he wanted, again.  Currently, I am still fighting off improper legal procedures to have me taken away from my friends and family; drugged; and, thrown into a mental hospital to get Patrick what he wants, again, to have me declared "incapacitated" at this point, to gain conservator and guardian rights, as well as, have my parental rights terminated.  All of this under the guise of a "moving the goal post" requirement, prior to previously ordered reunification with our children in "the best interests of the child", in which a formal reunification program is not a legal requirement.  My GAL has done her best.  Yet, she gets arbitrarily and capriciously dismissed in her recommendations in "my best interests", as well, based on fallacious arguments.  I filed a Motion for Attorney Fees, Expert Fees, and Costs, and I filed a Motion to Modify ER Financial Temporary Orders for Maintenance, in which I believe exhibited "pristine logic," and my legal argument adhered to the form of the logic syllogism.  Yet, I ended up with a GAL with the power to force a settlement; Ordered to not access any of our business income going on ten (10) months, as an ADA protected individual; Ordered to not have anything to do with our businesses; Ordered to not start any new contracts with FedEx Ground so as to not be in competition with Patrick; Patrick's attorney spoke about Patrick's settlement request, and our businesses were Ordered to be sold, due to me supposedly never being able to be capable to run them, again, if divided; being illegally diagnosed in open court with purported mental illnesses, for example, a paranoid mental illness, just for questioning statistical probabilities; being accused of not wanting to reunify with our children, after we have been denied access to each other for over eighteen (18) months, and we are all ADA protected individuals; being accused of being "incapable of making critical decisions" and displaying mental illness warranting the level of Probate capacity testing without the legal protections of the Probate Court to obtain the first ruling, much less, trying to obtain a second ruling, due to the fact that I have been attempting to be a *pro se* litigant (against Patrick's vast financial arsenal) to advocate and defend my children and I's rights, as a party to my divorce;a co-owner of our businesses; and, most importantly, the mother of our surviving three children, that would not be on this earth without me.

It appears, that even though Judge Quick refused an Unopposed Motion to Recuse, per Cyndy Ciancio's disclosure letter, and Judge Quick has appeared to repeatedly comply with Patrick's requests.  Patrick has been able to continue his reign of domestic abuse, as the court has been a vehicle to clearly fuel domestic abuse by proxy, to paint me as "crazy".  Yet, at other times, I have been painted as "not crazy".  Patrick behaviors in court have been observed by professionals and court watchers, in which it is typical for abusers to paint their victims as "crazy".  I have gotten diagnosed in open court with a victim mental illness.  I believe, that this is illegal, as a judge and/or a psychologist are not medical doctors, and this practice violates my HIPPA rights.  I have been marginalized to the degree, that I feel that I will never receive a fair trail.  I believe, that such a confirmation bias exists with not only Judge Quick, but with "our" joint Parental Responsibilities "Expert", Andrew Loizeaux, PsyD, also known as a hired gun along with many other roles in this divorce, and I believe, that I have have been treated arbitrarily and capriciously with my evidence to disprove their confirmation bias.  I have been hamstrung financially to not be afforded a "level playing field".  And, ultimately I have been treated as none of this will matter with the GAL card to force a settlement on me to keep everything secret.  A new Motion to Recuse under the new Supreme Court standards will be filed, next.

I shouldn't have to be bankrupt, and I plan pursue lawsuits against parties responsible for the issues created by Patrick's divorce, as well as, I plan to pursue an ADA complaint, as part of a Department of Justice investigation, that I have been invited to be a part of for my children and I, as we are all ADA protected individuals.  We have

been deprived of each other, and I have been deprived of shelter, sustenance, and medication with an ADA medical condition, in which brings immunity into question, also.  To deny my children and I access to each other this whole divorce without a legal, evidentiary trial with financial resources being denied to me to conduct a Temporary Custody hearing, in which was only held about two (2) months ago, in which Judge Quick Ordered that there will be no Order.  I believe, that it is not only not legal, and I believe, that it has been reprehensible. However, I truly appreciate the opportunity to resolve a majority of the financial issues created by Patrick and his cohorts in this divorce in a forum that does not discriminate against me, and does not blame the true victim, while protecting the abuser.

Thank you.

Laurie Brinegar