IN THE UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF COLORADO

FILED
KENNETH S. GARDNER
CLERK

2017 MAR -6 PM 3: 16

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

In re:                                          Case No. 16-15037-EEB

Laurie L. Brinegar,                             CHAPTER 7
                    Debtor.

---

**DEBTOR'S, LAURIE L. BRINEGAR, AND CREDITORS', RICHARD & JUDY JOHNSON,
OBJECTION/OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR LAURIE LYNN
BRINEGAR**

---

COMES NOW that Debtor and wife of Mr. Patrick A. Brinegar, Laurie L. Brinegar [hereinafter Mrs. Laurie Brinegar] and, Creditors and parents of Mrs. Laurie Brinegar, Mr. and Mrs. Richard and Judy Johnson[hereinafter Mr. and Mrs. Johnson] hereby moves the Court for an Order denying Mr. Michael J. Davis of the law firm of BKN Murray, LLP leave to withdraw as counsel for Laurie Lynn Brinegar in this proceeding.  Mrs. Laurie Brinegar and Mr. and Mrs. Johnson provides notice to all counsel of record and the affected counsel, and in support of this Objection, states the following:

1.  Mrs. Laurie Brinegar and Mr. Johnson consulted with Mr. Davis for his recommendations in the best way to handle the contested divorce case of Mr. and Mrs. Patrick Brinegar[1] in Adams County District Court, Colorado.

2.  Mrs. Laurie Brinegar has been forced into commercial intercourse without her consent, and under continued duress, due to Mr. Brinegar's, and his counsel of record, Ciancio Ciancio Brown, PC's [hereinafter The Enterprise; however, not exclusive to just these two associations]continued predicate offense of kidnapping Mrs. Brinegar's offspring.  Mrs. Laurie Brinegar's offspring were moved to two undisclosed locations.  Mrs. Laurie Brinegar and her offspring have all suffered bodily injury, including serious with a partial amputation of one of her offspring's fingers.

3.  Mrs. Laurie Brinegar and her offspring have suffered additional harm by The Enterprise's predicate offenses of extortion.  The GAL's ("with liberal guardian type/liberal conservator type rights without a mental health evaluation") submission of a claim with supporting lower court documentation from The Enterprise to fraudulently obtain said appointment exemplifies unjust enrichment and financial exploitation.

    a.  The Enterprise fraudulently secured forcing Mrs. Laurie Brinegar out of her businesses, and out of all income from her marital businesses, including disclosed and undisclosed businesses, without the purported requirement of the GAL to avoid proffered professional ethical violations.  Additionally, this is contrary to the K-1 distributions proffered.

    b.  The Enterprise forced the fraudulent sale of some of Mr. and Mrs. Patrick Brinegar's marital businesses based on the fraudulently obtained GAL.  See O'BRIEN v. Wallace, 324 P.2d 1028(1958) Supreme Court of Colorado, En Banc., regarding lower court errors.

---

[1] Mr. Brinegar is a creditor in Mrs. Brinegar's bankruptcy case.  See Lamie v. United States Trustee Oral Argument - November 10, 2003, regarding Debtor's spouse rule.  If so, we win.  We can all be inserted in this case.

4. Mr. Davis suggested a viable way to proceed through the Bankruptcy Court with adversary complaints; forensic accounting; addressing the IRS and its Criminal Investigation Unit along with the Colorado Department of Revenue, etc., and procured a $3,875 retainer [ paid by creditors, Mr. and Mrs. Johnson] to start the proceedings recommended by Mr. Davis[2].

5. Mr. Davis' purports, that communications between Mrs. Laurie Brinegar and himself have dissolved, and thus making it impossible to continue as counsel for Mrs. Laurie Brinegar, under the circumstances. On the contrary, Mrs. Laurie Brinegar has emailed a plethora questions; concerns; deadlines; and, documentation to Mr. Davis' office. Mrs. Laurie Brinegar has requested meetings at Mr. Davis' office to deliver approximately 10,000 plus pages of requested documentation by the Trustee; address the sale of some of Mr. and Mrs. Brinegar's marital businesses being sold, during Mrs. Brinegar's bankruptcy proceedings, along with numerous issues without my consent, including the contested sale; Mr. Brinegar's violations of the Federal Automatic Injunction, re: status of siphoned funds; etc. Mr. Davis left these items virtually unaddressed and/or unanswered. Additionally, Mr. Johnson emailed Mr. Davis.

6. Mr. Davis collected his retainer fee forthwith, and then virtually abandoned (emphasis added) Mrs. Laurie Brinegar without filing the recommended bankruptcy proceeding and adversarial proceedings, that Mr. Davis asserted he positively was going to file. Mr. Davis assured Mrs. Laurie Brinegar, that bankruptcy is a process.

7. Nor, did Mr. Davis address Mrs. Laurie Brinegar's concerns to file an amended petition, which he was to prepare, resulting now in current schedules, that are incorrect and misleading. Mr. Davis virtually disappeared after getting the retainer fee and filing an erroneous petition.

8. Mr. Davis was told on numerous occasions of fraudulent documents being submitted to the Court. This includes, Creditor, Mr. Patrick Brinegar's submittal, that he did not own any of SZTJ Trucking, Inc., when in fact, Mr. Brinegar currently owns 49%, and is responsible for that portion of past due taxes. To the best of Mrs. Laurie Brinegar's knowledge and belief Mrs. Laurie Brinegar's 2013 IRS and CO DOR outstanding balances are approaching more than $100,000, and need refiled along with the 2014, 2015, and 2016 tax returns for both the IRS and the CO DOR.

9. Mr. Davis has put Mrs. Brinegar in a tenuous position of having to defend herself in the bankruptcy caused entirely by Mr. Davis' unprofessional and shameless actions.

10. WHEREFORE, the Debtor, Laurie Brinegar, and Creditors, Richard and Judy Johnson, would request the court to hold an in camera evidentiary hearing to present documentation and testimony to the Court in opposition to Mr. Davis' Motion to Withdraw and for appropriate sanctions.

---

[2] Mrs. Laurie Brinegar and Mr. Johnson were told by Mr. Davis, that a Chapter 7 versus a Chapter 11 needed to be filed; however, all of their concerns would be appropriately dealt with by an extensive forensic accounting by the Trustee and Mr. Davis to include tracing Mrs. Brinegar's marital interest in Mr. Brinegar's trust. Thus, the higher retainer fee to prepare these types of bankruptcy proceedings.

Respectfully submitted this 6th day of March, 2017

| | | |
|---|---|---|
| Laurie L. Brinegar, Debtor | /s/Richard Johnson, Creditor | /s/Judy Johnson, Creditor. |
| 4890 Mt. Princeton St. | 3275 S. Goldfield Rd. #320 | 3275 S. Goldfield Rd. #320 |
| Brighton, Colorado 80601 | Apache Junction, AZ 85119 | Apache Junction, AZ 85119 |
| (303) 637-7040 | (480) 646-1883 | (480) 646-1883 |
| lb.brinegar@gmail.com | judyrichco@msn.com | judyrichco@msn.com |

## CERTIFICATE OF SERVICE

The undersigned Laurie Brinegar, affirms that a true and correct copy of
   the above document was served on the following parties this 6th day of
   March, 2017:


United States Trustee                    Delivered in person to Trustee
Byron G. Rogers Federal Building
1961 Stout St. Ste. 12-200 Denver, CO 80294

Mr. Harvey Sender, Esq.                  via Email
1660 Lincoln St. Suite 220
Denver Colorado 80264
hsender@sww-legal.com

**Mr. Patrick Brinegar c/o Trustee[3]**     **via Email to Mr. Sender**
33790 555th Street
Moulton, Iowa 52572
E-mail pb.briney@gmail.com

Mr. Michael Davis, Esq.                  via Email
6795 E. Tennessee Ave., Ste. 330
Denver, CO 80224
E-mail mdavis@BKNMurray.com

Tom H. Connolly, Esq.                    via Email
950 Spruce St., Ste. 1C
Louisville, CO 80027
tom@clpc-law.com


/s/Laurie Brinegar

---

[3] Laurie Brinegar and Patrick Brinegar have a no contact Order.

Page 1 of 1